BERRÍOS, PLAINTIFF AND APPELLANT, v. DÁVILA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action for the Execution of a Deed.

No. 2230.—Decided July 29, 1920.

ACTION—LIMITATION—EXECUTION OF DEED—INTERRUPTION OF LIMITATION.—As an action to compel the execution of a deed is a personal action for which no special period of limitation is prescribed, and such period begins to run from

the date on which the action could have been brought, that is, from the day on which, after consent and the other requirements necessary for its validity, the contract was entered into, such an action brought after the expiration of fifteen years is barred by limitation, and an action in which the execution of said deed was not sought does not interrupt the running of the period of limitation.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

*Mr. R. L. Antongiorgi* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff brought suit to compel the execution of a deed of conveyance to certain real estate alleged to have been acquired by Anselmo Berríos, the father of plaintiff, in 1899, in exchange for other property.

The complaint also alleged that plaintiff had been in possession of the property so acquired from defendant for more than ten years by inheritance from his said father, although the record title still stands in the name of defendant. Plaintiff likewise averred that in a certain revendicatory action instituted by defendant herein as plaintiff against plaintiff herein as defendant, a judgment of dismissal was entered on July 15, 1913, after proof of the foregoing facts.

In the case at bar, the court below sustained a demurrer to the complaint for want of facts sufficient to constitute a cause of action in that it appears from the face of the said complaint that the action, a personal one, was barred by limitation.

Plaintiff appeals from a judgment of dismissal and insists that the court erred in holding that the action had prescribed.

The argument is that the cause of action does not grow entirely out of the exchange of properties effected in 1899, but also out of the ownership and possession of the land; that such ownership and possession originated in the contract between defendant and the father of plaintiff, which,

it is conceded, constitutes the title of plaintiff, although defective because the same was not formulated in a public instrument; that the complaint seeks to perfect such title through the execution of a deed of conveyance and the action is based not only on the contract, but also on the legal status created by the ownership and possession of plaintiff during the period of time above mentioned; that the obligation on the part of the vendor to execute a deed does not arise from the original contract, but from the ownership and possession of the vendee, and may be enforced at any time without regard to the contract or the date thereof.

The only authority cited in support of this theory is section 1246 in connection with sections 1865, 1872 and 1874 of the Civil Code.

It is urged that because section 1246 fixes no time within which execution of the instrument may be demanded, section 1865 is not applicable; that limitation would begin to run from the date of such demand and, under the provisions of sections 1872 and 1874, should be regarded as having begun in the instant case from and after July 13, 1913, the date of the judgment in the revendicatory action.

Section 1246 of the Civil Code reads as follows:

"Should the law require the execution of an instrument or other special formality in order to make the obligations of a contract binding, the contracting parties may compel each other to comply with said formalities from the moment in which consent and the other requirements, necessary for their validity, have taken place."

The language used leaves no room for interpretation and clearly fixes the date upon which the obligation to execute the deed or other formal instrument arises, from and after which an action to compel such execution may be instituted.

Section 1862 of the Civil Code says that "actions are prescribed by the mere lapse of time specified by law;"

section 1865 provides that personal actions for which no special term of prescription is fixed shall be barred after fifteen years, and section 1870 specifies that ''the time for prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted.''

The instant case falls squarely within the provisions of these three sections and must be governed by them.

Sections 1872 and 1874 read as follows:

''Section 1872.—The period for the prescription of actions to demand the fulfilment of obligations declared in a judgment shall begin from the day the judgment became final.''

''Section 1874.—Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.''

The answer to the argument of plaintiff based upon the provisions of these two sections lies in the fact that the judgment in the revendicatory action contained no pronouncement as to the obligation of the plaintiff therein, now defendant, to execute a formal deed of conveyance, and in the further fact that plaintiff herein, defendant in such revendicatory action, is not shown to have sought the enforcement of such obligation in the said revendicatory action, nor otherwise, prior to the institution of the present suit.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Wolf took no part in the decision of this case.